UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SECURITY NATIONAL INSURANCE
COMPANY,

                Plaintiff,

v.                                                  Case No. 22-10555

SALIENT LANDSCAPING, INC., *et al*.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT WELLESLEY GARDENS
CONDOMINIUM ASSOCIATION'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Pending before the court is Defendant Wellesley Gardens Condominium Association ("Wellesley")'s Motion to Set Aside Entry of Default (ECF No. 18). The motion has been fully briefed, and the court finds a hearing is not necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will grant the motion.

**I.   BACKGROUND**

On March 16, 2022, Plaintiff Security National Insurance ("Security") brought this declaratory action, asking the court to rescind the Commercial Lines Policy No. NA154294700 (the "Policy") that Security issued to Defendant Salient Landscaping, Inc. ("Salient") for the period from March 22, 2018 to March 22, 2019 (ECF No. 1.) The Policy requires Security to cover and/or defend certain liabilities to bodily injuries or property damages arising out of the conduct of Salient's business. (*Id.*, PageID.7-8, ¶¶ 18-19; ECF No.1-2.) Security alleges that Salient had represented in the insurance application that it did not perform snow removal work, on which Security relied in issuing the Policy. (ECF No. 1, PageID.4-7, ¶¶ 10-17.) However, Security subsequently learned

that Salient performed such work to Wellesley when Security was notified of the slip-and-fall lawsuit brought by Defendant Sherry Hutchinson in Michigan state court. (ECF No. 1, PageID.12-13, ¶¶ 22-23; ECF No. 1-1.). Accordingly, Security asserts that Salient made a material representation warranting the recission of the Policy under Michigan law, and Security has no duty to defend Salient against the claims brought by other Defendants in the state suit. (ECF No. 1, PageID.15, ¶¶ 35-37.)

Salient and Wellesley failed to timely file answers to the complaint, which were due on April 20 and 21, respectively. (ECF Nos. 6, 7.)[1] Upon Security's requests, the clerk entered default against these Defendants on June 2. (ECF Nos. 11-13, 15.)[2] Wellesley now asks the court to set aside the entry of default against it.

## II.  STANDARD

Under Rule 55, the court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The court "enjoys considerable latitude under the 'good cause shown' standard" when considering a request to set aside an entry of default. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Three equitable factors guide the court's decision:

   1. Whether the plaintiff will be prejudiced;
   2. Whether the defendant has a meritorious defense; and
   3. Whether culpable conduct of the defendant led to the default.

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 192 (6th Cir. 1986) (citing cases). [3] In considering these factors, the court is conscious of the "strong

---

[1]   Hutchinson timely answered the complaint. (ECF No. 9.)
[2]   Security did not move for a default judgment against Salient and Wellesley, but instead filed a Motion for Summary Judgment (ECF No. 20.)
[3]   The Sixth Circuit noted that a more lenient standard is applied to Rule 55(c) motion where there has only been an entry of default as opposed than to Rule 60(b) motions where default judgment has been entered. *Shepard*, 796 F.2d at 193.

2

preference for trials on the merits in federal courts." *Id.* at 193; *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983) ("Trials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.") (citation omitted).

### III. DISCUSSION

### A. Prejudice to Plaintiff

First, the court considers whether Security will be prejudiced if the clerk's entry of default against Wellesley is set aside. Mere delay is insufficient to establish prejudice. *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) (citations omitted). For the setting aside of an entry of default to be deemed prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 778 (6th Cir. 2005) (quoting *Thompson v. AM Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)); *Burrell*, 434 F.3d at 835.

The court finds that Security will not be significantly prejudiced by setting aside the clerk's entry of default against Wellesley. This case is in its infancy, and the parties ostensibly have not yet conducted discovery. Security claims that it "will face the prejudice of increased litigation costs and the delay in deciding the declaratory judgment while it continues to provide a courtesy defense to Salient []." (ECF No. 19, PageID.223). As explained above, it is well established that delay is not equal to prejudice. *S. Elec. Health Fund*, 146 F. App'x at 778 (6th Cir. 2005); *Burrell*, 434 F.3d at 835. And, the Sixth Circuit has rejected the argument that "increased cost is the kind of prejudice that can support sustaining entry of default":

3

> [I]t does not make intuitive sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case. Yet, this Court encourages setting aside default to allow for resolution on the merits, which will necessarily drive up litigation costs.

*United States v. $22,050.00 U.S. Currency,* 595 F.3d 318, 325 (6th Cir. 2010). Here, Security does not explain "how setting aside default in this case would increase litigation costs to a greater degree than would naturally occur in all cases of setting aside default." *Id.* To the extend Security refers to the costs of defending Salient in the state court matter, Security itself admits that it has already elected to do so as a courtesy. (ECF No. 19, PageID.238). Security does not dispute that it has not tendered any defense or expended any costs in state court on behalf of Wellesley, so there would be no prejudice in this respect if default against Wellesley is set aside.

Security also argues that in this case, prejudice is shown because there is "greater opportunity for fraud and collusion." (ECF No. 19, PageID.223.) Security focuses on Salient's misrepresentation in the insurance application. (*Id.*) However, nothing indicates that Wellesley engaged in fraud against Security or colluded with Salient in doing so. In fact, Wellesley's litigation effort to enforce its agreement with Salient in state court suggests the opposite. The court cannot agree with Security that "[b]y seeking to enforce the [Policy], Wellesley [] seeks to perpetuate [Salient's] fraud/misrepresentation to the prejudice of Security." (*Id.*) Nothing is out of ordinary about Wellesley wanting to minimize liability and litigation costs by trying to obtain coverage from a potentially valid insurance policy.

Thus, this first factor weighs in favor of setting aside the clerk's entry of default against Wellesley.

## B. Wellesley's Defenses

Next, the court considers whether Wellesley has a meritorious defense. This requirement is "well established in federal law." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985) (citations omitted). The Sixth Circuit has explained that, in considering whether a defendant has a meritorious defense, the "[l]ikelihood of success is not the measure." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)) (internal quotation marks omitted). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* (citation omitted). Stated another way, "the test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *Matter of Park Nursing Ctr., Inc.,* 766 F.2d 261, 264 (6th Cir. 1985)*.* Thus, the court considers "whether there is some possibility that the outcome of this suit after a full trial will be contrary to the result achieved by the default." *S. Elec. Health Fund*, 146 F. App'x at 777 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys, Inc.*, 815 F.2d 391, 399 (6th Cir. 1987)) (internal quotation marks omitted).

Here, Wellesley claims that it had a contract with Salient, which required Salient to obtain insurance covering Wellesley for any damages incurred because of Salient's work. Without any decision on recission, the Policy exists, and it would provide such a coverage for Wellesley. (ECF No. 18, PageID.149; *see* ECF No.1-2, PageID.45.). Security challenges Wellesley's defense, arguing that (1) the Policy should be rescinded, thereby stripping away any coverage that Wellesley might have (ECF No. 19, PageID.224-25) and (2) Wellesley failed to perform its obligation under its own contract

5

with Salient and did not properly request defense and indemnity from Security to be entitled to reliefs (*Id.*, PageID.225-29).  However, the court's task at this stage is not to decide the merits of Wellesley's defense, but to determine whether the facts presented by Wellesley, if true, would constitute a legally tenable defense.[4] Here, the court find that they do.

In sum, this second factor weighs in favor of setting aside the entry of default.

### C. Wellesley's Culpability

Finally, the court considers whether Wellesley's culpable conduct led to the default, "in the general context of determining whether [it] is deserving of equitable relief." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). To be truly culpable, "mere carelessness is not enough; rather, there must be 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005) (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at 194); *$22,050.00 U.S. Currency,* 595 F.3d at 327 (quoting *Thompson*, 95 F.3d at 433). Ultimately, if the defaulting party satisfies the other requirements for setting aside a default entry (i.e, a meritorious defense and a lack of prejudice), and he "moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims*, 796 F.2d at 195; *see also Waifersong.*, 976 F.2d at 293 (Because "defendants came perilously close to

---

[4] On top of this, the court has its own jurisdictional concern. By a separate order, the parties will be ordered to submit briefings on the court's exercise of discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

6

articulating the existence of a meritorious defense… and demonstrating the absence of substantial prejudice to plaintiffs, … it would require particularly culpable conduct by defendants to outweigh those two factors and tip the balance toward denial of relief.").

Here, Wellesley states that the failure to timely file an answer resulted from a clerical error by its insurance carrier. (ECF No. 18, PageID.155). "Although the court does not take the view that a defendant may always absolve itself of responsibility for ongoing litigation by passing on a claim to its insurance carrier, in some instances such an excuse may be sufficient to contribute to 'good cause.'" *Yacou v. Oakland Mall, LLC*, No. 10-11885, 2011 WL 347079, at *1 (E.D. Mich. Feb. 1, 2011) (Cleland, J.).

The court also does not find that *Wellesley* has "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *$22,050.00 U.S. Currency,* 595 F.3d at 327. Indeed, Wellesley's respect for the process may be discerned by the facts that counsel representing Wellesley and its insurer promptly reached out to Security's counsel after default was entered. (*See* ECF Nos. 18-7, 21-4.) And, having been unsuccessful in its multiple attempts to obtain Security's concurrence, Wellesley moved to set aside default in less than three weeks. (*Id.*) "Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency." *Shepard Claims Serv., Inc.,* 796 F.2d at 194 (citation omitted); *see also State Farm Mut. Auto. Ins. Co. v. Hawkins*, No. 08-CV-10367-DT, 2008 WL 1792282, at *2 (E.D. Mich. Apr. 18, 2008) (Cleland, J.) (taking into consideration the fact that the "[d]efendant moved promptly to set aside the default a mere two weeks after it was entered"); *Communicare, LLC v.*

7

*Dungey*, No. 2:17-CV-0152, 2017 WL 4217161, at *4 (S.D. Ohio Sept. 19, 2017) (finding no intent to thwart the proceeding when the "[d]efendants moved promptly to set aside the default before a judgment was entered" within three weeks). Ultimately, because the first two factors favoring setting aside the default are "the two most important considerations," *id.* at 324–25, and Wellesley lacks the requisite *mens rea*, the court need not delve further into the factual record of whether Wellesley's "culpable conduct" led to the default.

### IV. CONCLUSION

As Wellesley has shown an absence of prejudice, presented a meritorious defense, and not exhibited a disregard for the judicial proceedings, it would be an abuse of discretion to not set aside the default. Accordingly,

IT IS ORDERED that Defendant Wellesley Gardens Condominium Association's Motion to Set Aside Entry of Default (ECF No. 18) is GRANTED.

s/Robert H. Cleland    /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner    /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-10555.SALIENT.MotiontoSetAsideDefaultEntry.NH.docx