**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

SECURITY NATIONAL INSURANCE
COMPANY,

            Plaintiff,

v.                                                                    Case No. 22-10555

SALIENT LANDSCAPING, INC., *et al.*,

            Defendants.
_____/

**ORDER REQUESTING BRIEFING ON DISCRETIONARY JURISDICTION UNDER
THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201(A)**

This matter is an action for declaratory relief under the Federal Declaratory Judgment Act,[1] which provides in relevant part:

> In a case of actual controversy within its jurisdiction. . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201(a). Exercise of jurisdiction under the Act is not mandatory.

*Bituminous Casualty Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 812 (6th Cir. 2004)

(citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942)); *see also Travelers*

*Indem. Co. v. Bowling Green Prof'l Assocs.,* 495 F.3d 266, 271 (6th Cir. 2007). Rather,

---

[1] "Where subject matter jurisdiction is solely based on diversity, federal law determines whether there is a controversy before the [c]ourt within the purview of the Act and state law creates and determines the substantive rights and duties that may [be] vindicated through declaratory relief." *Ajose v. Interline Brands, Inc.,* 187 F. Supp. 3d 899, 908 (M.D. Tenn. 2016) (citing cases); *see also Nationwide Mut. Fire Ins. Co. v. Creech*, 431 F. Supp. 2d 710, 712 n.1 (E.D. Ky 2006) ("Declaratory judgment acts are procedural rules; therefore, in a diversity case, the Federal Declaratory Judgment Act applies.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

the Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (citations omitted).

But this discretion is not unchecked. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (explaining that a district court's discretion in exercising jurisdiction in a declaratory action "must not be unguided"). Particularly relevant here, "[i]n determining the propriety of entertaining a declaratory judgment action, competing state and federal interests weigh in the balance, with courts particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007). In insurance coverage diversity cases, like this matter, the Sixth Circuit

> ha[s] repeatedly held . . . that declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court. . . Further, such actions should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created.'

*Bituminous Cas. Corp.,* 373 F.3d at 812 (alterations and quotation marks in original, and citations omitted).

Therefore, the court must decide whether it should exercise jurisdiction in this instance. *See Travelers Indem. Co.,* 495 F.3d at 271 (sua sponte raising the discretionary-jurisdiction issue at oral argument and reversing the district court's exercise of jurisdiction); *Bituminous Cas. Corp.,* 373 F.3d at 817 (holding that the district court abused its discretion by exercising discretionary jurisdiction in an insurance

2

diversity case). To "guide the exercise of discretion," the Sixth Circuit has identified the following factors that the court must consider:

(1) Whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; [which is determined by asking]

   a. whether the underlying factual issues are important to an informed resolution of the case;

   b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

   c.  whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and

(5) whether there is an alternative remedy which is better or more effective.

*Massachusetts Bay Ins. Co. v. Christian Funeral Directors, Inc.,* 759 F. App'x 431, 435 (6th Cir. 2018) (citing *W. World Ins. Co.*, 773 F.3d at 758) (alteration in original).

Accordingly, IT IS ORDERED that no later than **September 22, 2022, Plaintiff shall file a brief, not to exceed 10 pages,** explaining why the court should exercise its discretion to accept jurisdiction over this action under the Declaratory Judgment Act.

Defendants may file responses, **not to exceed 10 pages each, no later than October 6, 2022. Plaintiff may file a reply, not to exceed 5 pages, no later than October 13, 2022.**

                                                   s/Robert H. Cleland    /
                                                   ROBERT H. CLELAND
                                                   UNITED STATES DISTRICT JUDGE

Dated: September 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2022, by electronic and/or ordinary mail.

                                                   s/Lisa Wagner    /
                                                   Case Manager and Deputy Clerk
                                                   (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-10555.SALIENT.OrderDiscretionaryJurisdiction.NH.docx