**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

SECURITY NATIONAL INSURANCE
COMPANY,

           Plaintiff,

v.                                                Case No. 22-cv-10555

SALIENT LANDSCAPING, INC., *et al*.,

           Defendants.
_____/

**OPINION AND ORDER (1) VACATING THE OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND JUDGMENT AS TO DEFENDANT SALIENT LANDSCAPING, INC., (2) REOPENING THE CASE, (3) SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT, (4) DIRECTING PLAINTIFF TO SERVE DEFENDANT SALIENT LANDSCAPING INC., AND (5) TERMINATING PLAINTIFF'S PENDING MOTION AS MOOT**

On April 17, 2023, the court issued an Order directing Plaintiff Security National Insurance Company to show cause why the court's "Opinion and Order Granting Plaintiff Security National Insurance Company's Motion for Summary Judgment" (ECF No. 35) and "Judgment" (ECF No. 36) should not be vacated as to Defendant Salient Landscaping, Inc., who does not appear to be properly served. (ECF No. 38.) The court also asked Security to explain why its Complaint should not be dismissed for failure to timely execute service under Federal Rule of Civil Procedure 4(m). (*Id.*)

On April 25, 2023, Security filed a response to the court's Order. (ECF No. 39.) Having reviewed Security's response, the court is not persuaded that Salient was properly served. Consequently, for the reasons outlined below, the court will set aside its summary judgment Opinion and Order (ECF No. 35) and Judgment (ECF No. 36) as to Salient, as well as the clerk's entry of default against it. (ECF No. 13). The court will

nonetheless exercise its discretion to allow Security a brief extension to perfect service on Salient.

## I.  DISCUSSION

### A.  Service on Security

In its response, Security asserts that "[t]he declaratory complaint was served directly on Christopher Fox, Jr. per the certified mail he received and signed and checked he was the 'Agent' on 3/30/2022." (ECF No. 39, PageID.912-13.) Specifically, Security argues that its service of Salient in this case complies with the requirement of Federal Rule of Civil Procedure 4(h). The court disagrees.

First, Security claims that the service on Salient complies with Rule 4(h)(1)(A), which allows a corporation in the judicial district of the United States to be served "in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) in turn provides that an individual may be served "[f]ollowing state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The applicable state law concerning service on corporations, Michigan Court Rule 2.105(D) provides that "[s]ervice of process on a domestic or foreign corporation may be made by . . . serving a summons and a copy of the complaint on an officer or the resident agent." Mich. Ct. R. 2.105(D)(1).[1]

Security cannot dispute that certified mail, without any form of personal service, on the authorized individuals, does not constitute proper service under Michigan Court Rule 2.105(D)(1). *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *4 (6th Cir.

---

[1]  Other subsections of Mich. Ct. R. 2.105(D) are inapplicable.

Oct. 24, 2022) (holding that the plaintiff "failed to comply with subsections (1)-(3) [of Michigan Court Rule 2.105(D)], which . . . require *personally* 'serving a summons and copy of the complaint' on an authorized individual or entity") (emphasis in original). Nonetheless, Security contends, without any authority, that service via certified mail in this case was proper because:

> In accordance with MCR 1.105 "to secure the just, speedy and economic determination of every action" Christopher Fox, Jr. as the owner, president, treasurer, secretary, director, and agent of Salient Landscaping, Inc. received a copy of the summons and complaint delivered by a U.S. Mail person who per MCR 2.103(A) would be a "legally competent adult who is not a party" and Christopher Fox, Jr. per MCR. 2.104(A) made a written acknowledgment of the receipt of the summons and a copy of the complaint dated and signed by the person to whom the service is directed or by a person authorized under these rules to receive the service of process as the owner, president, treasurer, secretary, director and agent of Salient Landscaping, Inc.

(ECF No. 39, PageID.916.)

If Security is claiming that a postal worker personally served Salient, Security has not offered any proof "by the server's affidavit." Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Instead, the proof of service filed in this case was signed by a legal secretary who attested that she served Salient "via certified mail." (ECF No. 6.)

The court understands Security's argument to be that as long as an officer or resident agent of a corporation received the mail containing the summons and a copy of the complaint and signed the acknowledgment of the receipt, service is perfected under the Michigan Court Rules. However, the Sixth Circuit has rejected the very same contention in *Lu*, 2022 WL 13983546, at *5. There, the plaintiff sent copies of the

3

summons and complaint to the corporate defendant's resident agent twice without accompanying the mailings with any form of personal service. *Id.* at *4. The plaintiff, relying on Michigan Court Rule 2.104(A),[2] argued that "service was proper because [the defendant's] resident agent signed a written acknowledgment of receipt upon delivery of the summons and complaint." The court disagreed, reasoning:

> [The plaintiff's] argument, however, improperly conflates *proof* of service with the available *methods* of service—two importantly distinct ideas. Rule 2.104 itself makes this distinction clear: "Failure to file proof of service does not affect the validity of the service." Mich. Ct. R. 2.104(B). By that same logic, successfully filing proof of service would not affect the validity of the underlying service either.
>
> In *Walker v. Aleritas Capital Corporation*, the Michigan Court of Appeals reached the same conclusion when it applied Michigan law in a very similar factual scenario. No. 326354, 2016 WL 3749410, at *4 (Mich. Ct. App. July 12, 2016). There, the plaintiff contended that he had "achieved service on the resident agent, Corporation Trust Company, as evidenced by the signature receipt dated November 4, 2008." *Id.* The court concluded, however, that despite the resident agent's acknowledgement of receipt, service by registered mail on the private corporation's resident agent "was ineffective under both the federal and state court rules." *Id.* Here, signed acknowledgement of receipt by [the defendant's] resident agent, the Corporation Company, did not render service proper where [the plaintiff] otherwise failed to comply with either federal or Michigan law.

*Lu,* 2022 WL 13983546, at *5. For the same reasons, the certified mailing in this instance does not comport with Rule 4(h)(1)(A), despite the acknowledgement of receipt by Salient's officer.

---

[2] Michigan Court Rule 2.104(A) provides that "Proof of service may be made by . . . written acknowledgment of the receipt of a summons and a copy of the complaint, dated and signed by the person to whom service is directed or by a person authorized under these rules to receive the service of process." Mich. Ct. R. 2.104(A). This procedural rule applies to proofs of service in Michigan courts, not federal courts. *See Kev & Cooper, LLC v. Furnish My Place, LLC,* No. 820CV01509MCSKES, 2021 WL 6618745, at *2 (C.D. Cal. Nov. 28, 2021) (rejecting defendant's argument that the summons and proof of service do not contain information required by California law because "Rule 4, not state law, sets the content requirements for federal summonses and proofs of service").

4

Security also asserts that it complied with Rule 4(h)(1)(B), which provides that service on a corporation in the judicial district of the United States be effectuated

> . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). Security posits that "Christopher Fox, Jr. was delivered the summons and complaint as an officer and agent of Salient Landscaping and per Rule 4(c)(2) the mail person would be at least 18 years old and not a party." (ECF No. 39, PageID.916.) As indicated above, to the extent Security is claiming that an unnamed mailperson personally served Fox, no proof of such service "by the server's affidavit" has been offered. Fed. R. Civ. P. 4(l). The proof of service filed in this case instead indicated a different individual who swore to have effectuated service through "certified mail." (ECF No. 6, PageID.101.) As the Sixth Circuit has said, "[b]y its plain terms, Rule 4(h)(1)(B) authorizes service of process by mailing *and* personally serving a copy of the summon and complaint." *Lu*, 2022 WL 13983546, at *3. Thus, sending the summons and complaint by certified mail alone, even when receipt is acknowledged by an authorized individual, does not satisfy Rule 4(h)(1)(B).

Ultimately, Security posits that Salient, through Fox, has actual notice of the pending action. (ECF No. 39, PageID.918-19.) However, the Sixth Circuit "has indicated . . . that it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("[W]e find that the district court erred in its determination that actual knowledge of the action cured a technically defective service of process"); *King v. Taylor*, 694 F.3d 650, 655–56 (6th Cir.

5

2012) ([The defendant's] full awareness that he had been sued makes no legal difference to the question whether he was properly served."). "[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman*, 929 F.2d at 1156 (quotation omitted). Because Security did not serve Salient with the summons and complaint in compliance with the procedures set forth in Federal Rules of Civil Procedure, Salient has not been served. *See King*, 694 F.3d at 656, n.1 ("The Federal Rules of Civil Procedure provide a very specific method for apprising a defendant of a lawsuit and conferring a court's jurisdiction over him. *See* Fed. R. Civ. P. 4. That method was not followed here. We do not have the option of looking past that failure . . . ").

Because Salient was not properly served, the court does not have personal jurisdiction over Salient. *Id.* Consequently, the court's Opinion and Order granting Security's motion for summary judgment (ECF No. 35) and Judgment (ECF No. 36) were improvidently entered and must be vacated as to Salient. Similarly, the clerk's entry of default against Salient (ECF No. 13) must be set aside.

## B.  Extension of Service Time

The court next considers the application of Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the court is not persuaded that Security has demonstrated good cause to command a mandatory extension of the time for service. (See ECF No. 39, PageID.922); *see Wise v. Dep't of Def.*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (discussing what constitutes "good cause" under Sixth Circuit precedents, which may

exist "when a defendant intentionally evades service of process," or "when a plaintiff experiences a sudden and debilitating illness") (citing cases). "But absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). The Sixth Circuit has said that "a district court should consider the following factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause":

    (1) whether an extension of time would be well beyond the timely service of process;

    (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

    (3) whether the defendant had actual notice of the lawsuit;

    (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

    (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

    (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

    (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

    Here, the court finds that these factors support a short extension for Security to properly serve Salient. While an extension of time would be well beyond the timely service of process, it would not prejudice Salient, who has not appeared or been "required to waste time, money, and effort" in this action. *See Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *3 (6th Cir. Nov. 8, 2022) ("The record also does not show that the defendants were prejudiced. Given that no defendant ever appeared in

the case, none was 'required to waste time, money, and effort' because of [the plaintiff's] alleged inaction."). Meanwhile, Salient has actual notice of the lawsuit, not only through the mail receipt of the summons and complaint but also subsequent communications describing the occurrences in this action. (*See* ECF No. 37-7.) If the court refused to extend the time for service, Security, who has expended a significant amount of time and effort to prosecute this action and even issued a refund of the insurance premiums following the court's order, would be substantially prejudiced. Additionally, the court does not find that the failure to perfect service on Security was done willfully or in bad faith, and Security has offered to cure the deficiency. (ECF No. 39, PageID.923-24.) Finally, equity strongly favors an extension to correct the service. As suggested by Security, Salient has accepted the refund of the premiums. Presumably, this means that Salient is aware of the court's previous rulings, but to date, has not taken any steps to challenge those outcomes.

## II.  CONCLUSION

IT IS ORDERED that the "Opinion and Order Granting Plaintiff Security National Insurance Company's Motion for Summary Judgment" (ECF No. 35) and "Judgment" (ECF No. 36) are VACATED as to Defendant Salient Landscaping, Inc. only.

IT IS FURTHER ORDERED that this matter is REOPENED.

IT IS FURTHER ORDERED that the "Clerk's Entry of Default" against Defendant Salient Landscaping, Inc. is SET ASIDE.

IT IS FURTHER ORDERED that Plaintiff Security National Insurance Company must serve Defendant Salient Landscaping, Inc. in the manner specified by the Federal

Rules of Civil Procedure and file a new Certificate of Service within 14 days of this Opinion and Order.

IT IS FURTHER ORDERED that the "Motion by Plaintiff Security National Insurance Company for Determination of Reasonable Defense Costs pursuant to the Court's Opinion and Order Granting Plaintiff Security National Insurance Company's Motion for Summary Judgment and for Default Judgment against Defendant Salient Landscaping per Fed. R. Civ. P. 55(b)(6)" (ECF No. 37) is TERMINATED AS MOOT.

                                                      s/Robert H. Cleland   /
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: May 1, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2023, by electronic and/or ordinary mail.

                                                       s/Lisa Wagner   /
                                                     Case Manager and Deputy Clerk
                                                     (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\Working\22-10555.SECURITY.SetAsideOrderandJudgment.NH.docx